JONATHAN HUTSON et al v. A. J. HUTSON, Ex'r.

PLEADINGS AND PRACTICE AT LAW. *Depositions. Exceptions.* A deposition taken by a justice of the peace, and by him handed to the clerk of the court in which the suit is pending, is not subject to exception because he did not envelope and seal it and endorse upon the seal his name and the style of the cause.

FROM HENRY.

Appeal in error from the Circuit Court of Henry county.   C. ADEN, J.

J. N. THOMASON and S. J. TAYLOR for J. Hutson.

W. M. JANES and T. C. FRYER for A. J. Hutson.

McFARLAND, J., delivered the opinion of the court.

This issue made up to try the validity of the will of William Hutson, deceased, was tried by the circuit court without a jury, and found in favor of the will. The contestants have appealed in error.

The only error of law assigned is the action of the court in sustaining exceptions to certain depositions taken on behalf of the contestants.   The exceptions were, that the justice taking the depositions, "did not envelope and seal them, and endorse on the seal the name of the commissioner and the style of the cause."

The justice probably omitted to observe this direction of the statute, because he in person delivered the deposition to the clerk of the circuit court where the

cause was pending, his certificate showing that they had not been out of his possession or altered, until so delivered to the clerk.

Section 3860 of the Code provides, that "the deposition, when complete, shall be enveloped together with the commission, if any, and all documents which may have been deposed to, sealed with the commissioner's name written across the seal, and directed to the clerk of the court where the cause is pending, with the title of the cause endorsed thereon, and may be sent by mail or private conveyance."

If sent by private conveyance, the person delivering it shall make affidavit before the clerk that he received the deposition from the commissioner, that it has not been out of his possession or opened by him while in his possession: Sec. 3861.

The clerk is to endorse upon it the day it is filed, and may open it at any time: Secs. 3867, 3870.

We are of opinion that the above requirement of section 3860, should not be held to apply to cases where the depositions were taken by the clerk himself, or when they are delivered to the clerk in person by the justice or commissioner taking them without their having been out of his possession. There can be no reason in such a requirement in such cases.

We are of opinion, therefore, that the court below erred in sustaining the exceptions and excluding the depositions, as these depositions contain material testimony which the appellants have the right to have considered in the trial of the issue. The judgment must be reversed, and the cause remanded for a new trial. Reversed.